**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROGER ORAL SMITH,**

    **Plaintiff,**

    v.                                        **CASE NO. 20-3179-SAC**

**RACHELL HOLLINGHEAD, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is housed at the Lansing Correctional Facility (LCF) in Lansing, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff's Complaint alleges he consistently failed to be served the correct diet at LCF for approximately 5 months. Plaintiff states he is allergic to chicken, turkey, and peanut butter. These allergies are confirmed, and medical staff has issued an order that he should not be served these foods due to a serious food allergy. In addition, Plaintiff is diabetic. The allergy information is printed on the daily Aramark tray count form ("Hi-protein 7 (1 SFA – no chicken, turkey, beans, PB)," *see* ECF No. 1, at 16). He states that when he receives the wrong tray, it takes 3-4 hours to receive a replacement tray, if he receives one at all, and sometimes the replacement tray also contains food he cannot eat. Plaintiff claims he lost over 30 pounds due to often being unable to eat the food he is served. Numerous LCF personnel, including medical staff, have called the kitchen on Plaintiff's behalf, Plaintiff has personally contacted Defendant Hollinghead, and Plaintiff has submitted grievances.

It appears Aramark is the contracted food service provider at LCF.  Plaintiff names as Defendants Rachell Hollinghead, Aramark Head Kitchen Supervisor; Estrella Santos, Aramark Kitchen Supervisor; and Abygail Flores, Aramark Kitchen Supervisor.  He alleges Defendants have been deliberately indifferent to his serious medical and dietary needs in violation of the Eighth Amendment.  Plaintiff seeks compensatory damages.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of LCF.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate officials of LCF to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

Also before the Court is a motion for order (ECF No. 6) filed by Plaintiff.  The motion asks the Court to order the defendants "to fix the issues with [Plaintiff's] food."  As this is the subject of the Complaint and as the Court hereby orders a *Martinez* Report to obtain additional information, the motion is denied at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)    The Clerk of Court shall prepare waiver of service forms pursuant to Fed. R. Civ. P. 4(d), to be served upon Defendants Hollinghead, Santos, and Flores, at no cost to Plaintiff.

(2)    KDOC shall have **sixty (60) days** to prepare the *Martinez* Report.  Upon the filing of that report, the defendants shall have an additional **sixty (60) days** to answer or otherwise respond to the Complaint.

(3)    Officials responsible for the operation of LCF are directed to undertake a review of the subject matter of the Complaint:

        a.        To ascertain the facts and circumstances;

        b.        To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

        c.        To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4)        Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(5)        Authorization is granted to the officials of LCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)        No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)        Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order (ECF No. 6) is denied at this time.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated April 27, 2021, in Topeka, Kansas.**

> <u>s/ Sam A. Crow</u>
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**