IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROGER ORAL SMITH,**

    **Plaintiff,**

    v.                                                                          **CASE NO. 20-3179-SAC**

**RACHELL HOLLINGHEAD, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Dismiss (Doc. 28) filed by Defendants. Plaintiff has filed no response to the motion. For the reasons described herein, Defendants' motion to dismiss is granted.

**I. Background**

Plaintiff's Complaint alleges that he consistently failed to be served the correct diet at Lansing Correctional Facility ("LCF") for approximately 5 months. Plaintiff states he is allergic to chicken, turkey, and peanut butter. Medical staff ssued an order that he should not be served these foods due to a serious food allergy ("SFA"). In addition, Plaintiff is diabetic. The allergy information is printed on the daily Aramark tray count form ("Hi-protein 7 (1 SFA – no chicken, turkey, beans, PB)," *see* ECF No. 1, at 16). Plaintiff states that when he receives the wrong tray, it takes 3-4 hours to receive a replacement tray, if he receives one at all, and sometimes the replacement tray also contains food he cannot eat. Plaintiff claims he lost over 30 pounds due to often being unable to eat the food he is served. Numerous LCF personnel, including medical staff, have called the kitchen on Plaintiff's behalf, Plaintiff has personally contacted Defendant Hollinghead, and Plaintiff alleges that he has submitted grievances.

1

Aramark is the contracted food service provider at LCF.  Plaintiff names as defendants Rachell Hollinghead, Aramark Head Kitchen Supervisor; Estrella Santos, Aramark Kitchen Supervisor; and Abygail Flores, Aramark Kitchen Supervisor.  He alleges Defendants have been deliberately indifferent to his serious medical and dietary needs in violation of the Eighth Amendment.  Plaintiff seeks compensatory damages.

The Court ordered the Kansas Department of Corrections (KDOC) to prepare a *Martinez* report.  The KDOC filed the *Martinez* report on January 31, 2022, and Defendants filed their motion to dismiss on April 29, 2022.  Plaintiff filed no response to the *Martinez* report or to Defendants' motion to dismiss.

## II.  Motion to Dismiss

Defendants argue in their motion that Plaintiff did not exhaust his administrative remedies as required by the PLRA, that the defendants are not state actors, and that Plaintiff did not state a claim for deliberate indifference under the Eighth Amendment.

## III.  Standard of Review

The Court must construe *pro se* filings liberally.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  The Court does not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Id*.  Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants."  *Id*.

A court may dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Typically, when considering a motion to dismiss, a court may not consider evidence outside the complaint.  However, as Defendants point out, a court may consider and rely on an uncontroverted *Martinez* report as a basis for dismissal on a Rule 12(b)(6) motion.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 n.7 (10th Cir. 1991); *Gustafson v. Luke*, 696 F. App'x 352, 353 n.2 (10th Cir. 2017); *Lewis v. Clark*, 663 F. App'x 697, 699 n.2 (10th Cir. 2016).

**IV. Analysis**

Having considered the matter, the Court finds that Defendants' motion should be granted.

**A.  Failure to Respond to Motion**

Initially, the Court notes that Plaintiff failed to respond to the motion, and the time to do so has expired.[1]  District of Kansas Rule 7.4 states:

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

D. Kan. Rule 7.4(b).  A *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.  *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro*

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

*se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

Based on Plaintiff's failure to file a response, Rule 7.4(b) authorizes the Court to grant Defendants' motion "without further discussion." *Bigler v. U.S. Bank Tr.*, 2017 WL 2362087, at *1 (D. Kan. 2017). However, such a ruling may not be consistent with Tenth Circuit law. *See Ellison v. English*, 2019 WL 3716448, at *1 (D. Kan. 2019) (citing *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003)) ("[T]he Tenth Circuit has directed that a district court may not grant a motion to dismiss or a motion for summary judgment based solely on the plaintiff's failure to respond."). In addition, the Court "has considerable latitude in interpreting and applying its local rules." *Johnston v. Prairie View*, 2019 WL 4751998, at *2 (D. Kan. 2019). "When possible and reasonable, the [C]ourt prefers to resolve motions on their merits after all sides have stated their positions." *Id.* Therefore, the Court will exercise its discretion and analyze Defendants' motion on its merits despite Plaintiff's failure to respond.

### B. Failure to Exhaust Administrative Remedies

Defendants contend they are entitled to judgment because Plaintiff has failed to exhaust his administrative remedies. An inmate is required by the Prison Litigation Reform Act ("PLRA") to exhaust all available prison administrative remedies before filing a complaint in federal court. Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (stating that under the PLRA "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court") (citations omitted). "Congress enacted § 1997e(a)

4

to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (citation omitted); *see also Jones v. Bock*, 549 U.S. 199, 219 (2007) (stating that "the benefits of exhaustion include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record") (citations omitted).

This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little*, 607 F.3d at 1249; *Gray v. Sorrels*, 818 F. App'x 787, 789 (10th Cir. 2020) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (quoting *Jones*, 549 U.S. at 211)). An inmate exhausts by complying with "an agency's deadlines and other critical procedural rules." *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). A prison or prison system's regulations define the steps a prisoner must take to properly exhaust administrative remedies and a prisoner "may only exhaust by properly following all of the steps laid out" therein. *Little*, 607 F.3d at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

In a suit governed by the PLRA, failure to exhaust is an affirmative defense and the defendant has the burden of proof regarding exhaustion of administrative remedies. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).  The issue of Plaintiff's failure to exhaust his available administrative remedies prior to filing his lawsuit must be determined before reaching the merits of his lawsuit.  *Little*, 607 F.3d at 1249 ("unexhausted claims cannot be brought in court") (citation omitted); *see also Jernigan*, 304 F.3d at 1032 (an inmate who does not complete the grievance process is barred from pursuing a §1983 claim).

For Kansas state prisoners, the administrative remedies require the inmate to seek an informal resolution with personnel who work with the inmate on a daily basis. K.A.R. § 44–15–101(b).  If the informal resolution is unsuccessful, the inmate must progress through a three-level process that includes submitting a grievance report form to (1) the appropriate unit team member, (2) the warden of the facility, and (3) the office of the secretary of corrections. K.A.R. § 44–15–101(d).  The procedure to follow at each level is described in detail in Kan. Admin. Regs.  § 44–15–102; *see also Garza v. Correct Care Solutions*, 2011 WL 2580299, at *2 (D. Kan. 2011), *aff'd* 451 F. App'x 775 (10th Cir.) (granting summary judgment for failure to exhaust claims against Correct Care Solutions where plaintiff failed to allege that he sought relief on his claims first through his unit team, then the warden, and finally from the Secretary of Corrections).

Defendants argue that Plaintiff failed to exhaust these available remedies.  Plaintiff states in the Complaint that his unit team manager advised him of the procedure for filing a grievance and alleges that he in fact did file a grievance regarding his claim here.  Plaintiff did not attach a copy of the grievance to his Complaint.  The *Martinez* report demonstrates that the only grievance Plaintiff filed relating to food service was submitted after Plaintiff filed this lawsuit and merely

complained of being repeatedly served fish. (Doc. 18-4, ¶ 4; Doc. 18-5, p. 2). In addition, there is no record of Plaintiff appealing the Warden's response to his grievance. (Doc. 18-4, ¶ 5).

Permitting Plaintiff to disregard the KDOC's formal grievance procedure would contradict the purposes of the PLRA. *Woodford* is firm that exhaustion must be proper, and here, Plaintiff clearly did not exhaust all of his available remedies. To *properly* complete the grievance process, Plaintiff needed to file a grievance regarding the specific claims made in his Complaint and needed to complete each step of the grievance process following the time frames mandated by K.A.R. 44-15-102.

The uncontroverted evidence shows that Plaintiff failed to exhaust his administrative remedies regarding the allegations in his lawsuit. Under the PLRA "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Little*, 607 F.3d at 1249 (citations omitted). Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to exhaust.[2]

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (Doc. 28) is granted. This matter is dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

**Dated June 30, 2022, in Topeka, Kansas.**

> s/ Sam A. Crow
> SAM A. CROW
> SENIOR U. S. DISTRICT JUDGE

---

[2] In light of the dismissal for failure to exhaust, the Court need not reach Defendants' arguments regarding whether Defendants are state actors and whether Plaintiff states a claim for deliberate indifference under the Eighth Amendment.