**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ROGER ORAL SMITH,

            Plaintiff,

v.

       Case No: 5:20-cv-03179-SAC

RACHEL HOLLINGSHEAD, et al.,

            Defendants.

**DEFENDANTS RACHEL HOLLINGSHEAD, ABYGAIL FLORES,
AND ESTRELLA SANTOS' SUGGESTIONS IN
OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER**

Defendants Rachel Hollingshead, Abygail Flores, and Estrella Santos, respectfully submit their suggestions in opposition to Plaintiff's motion to reconsider:

## I.  BACKGROUND

On July 2, 2020, Plaintiff filed his complaint in the United States District Court for the District of Kansas against Defendants Rachel Hollingshead, Abygail Flores, and Estrella Santos. Defendants are all Aramark employees, the contracted food service provider for Lansing Correctional Facility, and not employees of Lansing Correctional Facility.

Plaintiff asserted a single count in his complaint for deliberate indifference and violation of the Eighth Amendment.  (Doc. 1, p. 2; see also Doc. 7, p. 2).  The majority of Plaintiff's 17-page complaint is very light and hardly legible.

Citing *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) and *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991), the Court ordered the Kansas Department of Corrections to prepare a *Martinez* report to properly process Plaintiff's claims.  (Doc. 7, p. 2).

1

The Kansas Department of Corrections filed the *Martinez* report on January 31, 2022 and served a copy on Plaintiff by interfacility mail ("the *Martinez* report").  (Doc. 18, p. 9).

Defendants timely filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and suggestions in support on April 29, 2022 and mailed copies to Plaintiff by U.S. mail addressed to Plaintiff at Lansing Correctional Facility (Docs. 28 and 29).   Plaintiff did not respond to Defendants' motion to dismiss.

On June 30, 2022, the Court filed an order and memorandum granting Defendants' motion to dismiss because Plaintiff failed to exhaust his administrative remedies.  (Doc. 30).  Accordingly, the Court entered a judgment on the same day dismissing the case without prejudice. (Doc. 31).

On July 12, Plaintiff filed a motion to reconsider containing no new material information that was not already contained in his complaint or the *Martinez* report.  (Doc. 32).  Plaintiff admitted receiving the *Martinez* report but still does not appear to dispute or otherwise object to any part of the *Martinez* report in this case. (See Doc. 32).

Attached to his motion to reconsider, Plaintiff included Warden Shannon Meyer's October 12, 2020 response that no further action needs to be taken with respect to Plaintiff's grievance, number AA20210093.  (Doc. 32-1).  The Warden's response explicitly states: "Pursuant to K.A.R. 44-15-102 (3) (B), you may appeal this answer by submitting the appropriate form to the Secretary of Corrections by mail."  The Warden's response that Plaintiff points to in his motion to reconsider was included in the *Martinez* report. (See Doc. 18-5 p. 4).

As of January 31, 2022, there was no record that Plaintiff appealed the Warden's grievance response, as provided for in Kan. Admin. Regs. § 44-15-101.  (Doc. 18-4, ¶ 5).  Plaintiff has not introduced new evidence or otherwise alleged that he appealed the Warden's grievance response, as provided for in Kan. Admin. Regs. § 44-15-101.

## II.      ARGUMENTS AND AUTHORITY

The Court should deny Plaintiff's motion to reconsider because Plaintiff has not and cannot prove any circumstance that warrants relief from the Court's order and judgment dismissing the case without prejudice.   Under District of Kansas Local Rule 7.3(a), "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."   Plaintiff does not specify whether he brings his motion to reconsider under Fed. R. Civ. P. 59(e) or 60.   Regardless, the Court should deny Plaintiff's motion because it does not meet the standard for reconsideration under either rule.

Grounds warranting relief under Rule 59(e) include: (1) an intervening change in controlling law, (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence, and (3) the need to correct clear error to prevent manifest injustice.   *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   A motion under Rule 59(e) "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," but it is not a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."   *Id*.   Nor is it "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."   *Pinkney v. TBC Corp.*, No. 2:19-cv-02680-HLT, 2020 U.S. Dist. LEXIS 92780, at *4 (D. Kan. May 27, 2020).

Similarly, under Rule 60(b) "the Court may order relief from a final judgment, but only in exceptional circumstances."   *Toothman v. Langford*, No. 21-3271-SAC, 2022 U.S. Dist. LEXIS 15297, at *7 (D. Kan. Jan. 27, 2022) (*citing Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available

for presentation in the underlying proceedings." *Id.* (*quoting Nutter v. Wefald*, 885 F. Supp. 1445, 1450 (D. Kan. 1995).)

Plaintiff's motion for reconsideration fails to evidence, or even argue, that there is (1) an intervening change in controlling law, (2) the availability of new evidence previously unavailable, or (3) the need to correct clear error to prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  In the absence of these arguments, Plaintiff's motion for reconsideration should be denied as a matter of law.

Additionally, Plaintiff's motion for reconsideration does not address the fact that his complaint or the *Martinez* report (Docs. 1 and 18 respectively ) failed to plausibly allege or show that Plaintiff exhausted his administrative remedies before filing his complaint, which is the reason that the Court dismissed this matter.  *See* Memorandum and Order at Doc. 30, p. 7.  Instead, Plaintiff concludes that he exhausted all of his "state remedies" directing the Court to the Warden's response to Plaintiff's grievance, number AA20210093, which was also included in the *Martinez* report.  (See Docs. 32 p. 2, 32-1, and 18-5 p. 4).  The Warden's response explicitly states: "Pursuant to K.A.R. 44-15-102 (3) (B), you may appeal this answer by submitting the appropriate form to the Secretary of Corrections by mail."  (Doc. 32-1).

To the extent Plaintiff raises new arguments in his motion for reconsideration, that could have supported any opposition to Defendants' motion to dismiss or objection to the *Martinez* report, neither of which he filed, these points should be disregarded as improperly raised.  "[A] party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been set forth in the first instance or to rehash arguments previously rejected by the court."  *Pound v. Arisol Co.*, 368 F.Supp.23 1158, 1159 (D. Kan. 2004).

### III.    CONCLUSION

For the reasons stated above, Defendants Rachel Hollingshead, Abygail Flores, and Estrella Santos respectfully request that this Court deny Plaintiff's Motion for Reconsideration.

/s/ Christopher I. Khasho
Alan L. Rupe, KS #08914
Christopher I. Khasho, KS #28739
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone: (316) 609-7901
Facsimile: (316) 462-5746
alan.rupe@lewisbrisbois.com
chris.khasho@lewisbrisbois.com

*Attorneys for Defendants Rachel Hollingshead, Estrella Santos, and Abygail Flores*

### CERTIFICATE OF SERVICE

I certify that on July 26, 2022, I filed the above Suggestions in Opposition to Plaintiff's Motion to Reconsider using the court's electronic filing system and a copy was sent to pro se plaintiff via U. S. mail addressed to:

Roger Oral Smith
Lansing Correctional Facility
P O Box 2
Lansing, KS 66043

*Pro se Plaintiff*

/s/ Christopher I. Khasho
Christopher I. Khasho