IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROGER ORAL SMITH,**

    **Plaintiff,**

    v.                                                                    **CASE NO. 20-3179-SAC**

**RACHELL HOLLINGHEAD, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a) and entered a Memorandum and Order ("M&O"; Doc. 7) ordering the preparation of a *Martinez* Report. After the Report was filed, Defendants filed a motion to dismiss (Doc. 28). The Court found that the Complaint should be dismissed without prejudice for failure to exhaust administrative remedies. The Court dismissed the case. (Docs. 30, 31.) This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 32), Defendants' Memorandum in Opposition (Doc. 33), and Plaintiff's Reply (Doc. 34).

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court will consider Mr. Smith's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the judgment was entered in this action. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991)

1

(stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A Rule 59(e) motion should not "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Relief under Rule 59(e) is "extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

In his motion, Mr. Smith argues that he did exhaust his administrative remedies and attaches a letter from the LCF warden. The letter (Doc. 32-1) states that a grievance was received and investigated. As discussed in the M&O, this letter was included in the *Martinez* Report and references Plaintiff's grievance complaining of being repeatedly served fish. (Doc. 18-4, ¶ 4; Doc. 18-5, p. 2). Moreover, the letter describes Plaintiff's right to appeal to the Secretary of Corrections, but Plaintiff does not allege that he submitted such an appeal.

The uncontroverted evidence continues to show that Plaintiff failed to exhaust his administrative remedies regarding the allegations in his lawsuit. Under the PLRA "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citations omitted). Accordingly, Plaintiff's motion is denied.

3

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 32) is **denied**.

**IT IS SO ORDERED.**

DATED: This 25th day of August, 2022, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U.S. Senior District Judge**